# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

FRANCO DAMIAN FERREYRA,

                Petitioner,

       v.                           **Case No. 18-CV-1005**

KIRJSTEN NIELSEN, et al.,

                Respondents.

## ORDER

### INTRODUCTION

Petitioner Franco Damian Ferreyra filed a petition for writ of habeas corpus seeking declaratory and injunctive relief, arguing that it is unlawful to remove him to Argentina without due process. (ECF No. 1.) Respondents Kirstjen Nielsen, Secretary of Homeland Security, Ricardo Wong, Director of the Chicago Field Office of United States Immigration and Customs Enforcement, and Dale J. Schmidt, Sheriff of Dodge County, Wisconsin, move for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (ECF No. 5.) Ferreyra did not respond to Respondents' motion. All

parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 4, 7.) Respondents' motion is ready for resolution.

**STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's subject-matter jurisdiction. For purposes of a motion to dismiss under Rule 12(b)(1), the district court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017); *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). However the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008).

To survive a motion to dismiss under Rule 12(b)(6), "a [petition] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts

as true and constru[es] all inferences in favor of the plaintiff[]." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

## FACTS

In 2001, at age thirteen, Ferreyra was brought to the United States from Argentina. (ECF No. 1 at 2.) Ever since, he has continuously lived in Waukesha, Wisconsin. (*Id.*)

On September 11, 2017, Ferreyra was stopped for Operating a Motor Vehicle Without a License. (ECF No. 1 at 2.) Shortly thereafter he began to receive visits from "unknown" law enforcement officers at his home and job. (*Id.*) Immigration and Customs Enforcement (ICE) Officers were searching for Ferreyra because, according to ICE, he was a Visa Waiver Program overstay and subject to expedited removal. (*Id.*)

On February 7, 2018, Ferreyra voluntarily surrendered to the Removal Operations Office of ICE in Milwaukee, Wisconsin. (ECF No. 1 at 3.) He was served with a "Notice of Intent to Issue a Final Administrative Removal Order." (ECF No. 6, ¶ 12.) Ferreyra indicated that he wished to request asylum, withholding, and/or deferral of removal. (*Id.*, ¶ 15) The Removal Operations Office confiscated his passports, ordered him to get a new passport, and agreed to allow him to file an application for Withholding of Removal with the United States Citizenship and Immigration Services' Texas Service Center. (ECF No. 1 at 3.) Ferreyra was ordered to check back in with Removal Operations on June 11, 2018. (*Id.*)

On June 11, 2018, Ferreyra arrived at the Removal Operations Office and was unexpectedly taken into ICE custody. (ECF No. 1 at 3-4.) He was served with a Final Administrative Removal Order, charging him as removable pursuant to 8 U.S.C. § 1227(a)(1)(B). (ECF No. 6, ¶ 14.) He has been detained by ICE ever since.

Ferreyra is currently in asylum only proceedings as he awaits a final hearing before the Immigration Court on his applications for asylum, withholding, and deferral of removal. (ECF No. 6, ¶ 21.)

## ANALYSIS

According to the respondents, Ferreyra entered the United States in 2001 under the Visa Waiver Program. The Visa Waiver Program permits noncitizens from certain countries to enter the United States for a period of ninety days without obtaining a visa provided the noncitizen complies with certain statutory and regulatory requirements. *See generally* 8 U.S.C. § 1187. "The [Visa Waiver Program] operates through a reciprocal waiver arrangement: the United States waives its visa requirement, and in exchange, the visitor waives [his] right to contest admissibility determinations or removal (except for asylum)." *Bayo v. Napolitano*, 593 F.3d 495, 499 (7th Cir. 2010); *see* 8 U.S.C. § 1187(b) (requiring an alien entering the United States through the Visa Waiver Program to waive any right "to contest, other than on the basis of an application for asylum, any action for removal of the alien").

Ferreyra alleges in his petition that detaining and deporting him without affording him a hearing would violate his Fifth Amendment due process rights because, at age thirteen, "he did not—and could not—knowingly and voluntarily waive his right to contest his deportation when he allegedly entered the United States." (ECF No. 1, ¶ 34; *see Bayo*, 593 F.3d at 505 (holding that "an alien's waiver through the [Visa Waiver Program] of the due process rights to which he or she would otherwise be entitled must be done both knowingly and voluntarily").)

## I.  Subject Matter Jurisdiction

In their motion to dismiss the respondents argue that this court lacks jurisdiction over Ferreyra's claims because "[a]ny challenge to orders of removal are exclusively within the purview of the federal court of appeals pursuant to 8 U.S.C. § 1252(a)(5)." (ECF No. 5 at 4.)

In 2005 Congress passed the REAL ID Act, Pub. L. No. 103-13, 119 Stat. 231, which took § 2241 habeas jurisdiction over orders of removal away from federal district courts and gave it exclusively to the federal courts of appeals. As codified at 8 U.S.C. § 1252, "a petition for review filed with an appropriate court of appeals … *shall be the sole and exclusive means for judicial review of an order of removal entered or issued*[.]" 8 U.S.C. § 1252(a)(5) (emphasis added); *see also Padilla v. Gonzalez*, 470 F.3d 1209, 1214 (7th Cir. 2006) (finding that "Congress clearly intended the courts of appeals to be the one judicial forum for hearing challenges to administrative removal orders").

While the REAL ID Act has divested federal district courts of jurisdiction over final removal orders, the legislative history of the Act indicates that it was "not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'" *Hernandez v. Gonzales*, 424 F.3d 42, 42-43 (1st Cir. 2005) (quoting H.R. Rep. No. 109-72, at 2873 (May 3, 2005)); *see Kellici v. Gonzales*, 472 F.3d 416, 419 (6th Cir. 2006) ("Where a habeas case does not address the final order, it is not covered by the plain language of the [REAL ID] Act."). But courts have held that the jurisdiction-stripping provisions of the Act apply to indirect challenges of a final removal order. *See Gonzalez-Alarcon v. Macias*, 884 F.3d 1266, 1275 (10th Cir. 2018); *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012) ("When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is inextricably linked to the order of removal, it is prohibited by section 1252(a)(5)." (quotation omitted)); *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) (holding that if petitioner is indirectly challenging her reinstated order of removal, "section 1252(a)(5)'s jurisdictional bar applies equally to preclude such an indirect challenge").

Three of the four counts in Ferreyra's habeas petition directly attack his final order of removal. Count One alleges that, "[t]o the extent that Respondents claim that Mr. Ferreyra is precluded from challenging his detention because of the operation of the Visa Waiver Program, DHS has presented no evidence that Mr. Ferreyra did, in fact,

waive his right to contest his removal[,]" and that "he did not and could not—knowingly and voluntarily waive his right to contest his deportation." (ECF No. 1, ¶¶ 33, 34.) Count Two alleges that "Respondents' actions in denying Mr. Ferreyra an opportunity to contest his summary removal from the United States deny his rights to Due Process." (ECF No. 1, ¶ 38.) Count Five (the petition contains no Count Four) alleges that "Respondent DHS has violated procedural and substantive requirements of the Fifth Amendment and the Immigration and Nationality Act by seeking to deport [him] to Argentina on the basis of an alleged waiver of rights that [he] could not have knowingly and voluntarily executed." (ECF No. 1, ¶ 51.)  Because those three counts directly challenge the final removal order, this court does not have jurisdiction over them.

Although it's a closer call, Count Three of Ferreyra's petition also attacks, albeit indirectly, the final order of removal.  In Count Three Ferreyra alleges that his "continued detention … violates his right to substantive due process protected by the Fifth Amendment" and that "[a]ny deprivation of [his freedom from imprisonment] must be accompanied not only by adequate procedural protections, but also by a 'sufficiently strong special justification' to outweigh the significant deprivation of liberty." (ECF No. 1, ¶¶ 45-46.)

While it's not clear from the petition or from Respondents' motion, it appears that Ferreyra is being detained pursuant to 8 U.S.C. § 1231, which provides in relevant

part that an alien shall be detained during the 90-day removal period that begins after he is ordered removed. 8 U.S.C. § 1231(a)(1)-(2) (emphasis added). In Count Three, Ferreyra challenges his detention (*see* ECF No. 1, ¶¶ 44-48), but he does not challenge the *length* of his detention. Since Ferreyra is being detained because he has been ordered removed, the court understands his challenge to his detention as an indirect challenge of the final removal order. Because Count Three challenges the final removal order, as with the other counts, this court does not have jurisdiction over it.

In sum, all of the counts in Ferreyra's petition either directly or indirectly challenge his final removal order, and, as such, this court does not have jurisdiction over them.

## II.    Transfer to the Seventh Circuit Court of Appeals

When a court lacks jurisdiction, it may dismiss the case or, in the interest of justice, transfer it to the court in which it could have originally been brought. 28 U.S.C. § 1631. To determine whether the Court of Appeals for the Seventh Circuit would have had jurisdiction on the date Ferreyra's petition was filed, the court turns to 8 U.S.C. § 1252(b)(1), which provides that a petition to review an order of removal "must be filed no later than 30 days after the date of the final order of removal." Ferreyra filed his petition on July 2, 2018, which was less than thirty days after the issuance of the Final Administrative Removal Order on June 11, 2018. Given the short time period for filing a petition for review attacking his final order of removal, the interests of justice would be

served by an immediate transfer of Ferreyra's claims to the Court of Appeals for the Seventh Circuit. *See Vargas v. United States Dep't of Homeland Sec.*, No. 1:17-CV-00356, 2017 WL 962420, at *3 (W.D. La. March 10, 2017).

**IT IS THEREFORE ORDERED** that the Clerk of Court shall transfer Ferreyra's petition challenging his removal order (ECF No. 1) (to be designated as a "Petition for Review) to the Court of Appeals for the Seventh Circuit pursuant to 28 U.S.C. § 1631.

Dated at Milwaukee, Wisconsin this 18th day of September, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge